## Sutcliffe, Appellant, *v.* Mariner.

*Equity—Fraud—Partnership.*

A bill in equity against a partner by the sons of a deceased partner to secure the cancelation of an agreement alleged to have been made when the deceased was ill and ignorant of the facts, and when the defendant was occupying a confidential relation towards him, is properly dismissed where the court finds upon ample evidence that the deceased knew what he was doing, that he had capacity to decide for himself, that he was not, in fact, overreached at all, but made just the kind of bargain he desired, and his partner agreed to.

Argued Jan. 14, 1902.    Appeal, No. 299, Jan. T., 1901, by plaintiffs, from decree of C. P. No. 1, Phila. Co., Sept. T., 1899, No. 380, dismissing bill in equity in case of Thomas Sutcliffe, John D. Sutcliffe, Jane Bouggy, James Sutcliffe and Janet D. Sutcliffe, v. Joseph G. Mariner and John O. Bowman.    Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.    Affirmed.

Bill in equity for an account.

*Error assigned* was in dismissing the bill.

*William W. Smithers,* with him *Furman Sheppard Phillips* and *Elias P. Smithers,* for appellant.

*Wayne P. Rambo* and *John G. Johnson,* for appellee, were not heard.

Per Curiam, May 19, 1902:

The very numerous assignments of error are all founded on the alleged advantage taken by defendant Mariner of his partner Sutcliffe, plaintiff's ancestor, by an unconscionable agreement when Sutcliffe was ill and ignorant of the facts, and Mariner was occupying a confidential relation towards him.    But as the court below found upon ample evidence " that Sutcliffe knew what he was doing, that he had capacity to decide for himself, that he was not, in fact, overreached at all, but made just the kind of bargain he desired, and his partner agreed to," there is no basis for the application of the principles invoked by appellants.

Decree affirmed.